Glyndle TABOR, Appellant,

v.

I. C. LOOMAN et al., Appellees.

Court of Appeals of Kentucky.

Dec. 18, 1964.

Rehearing Denied March 5, 1965.

the digging of the well. However, the complaint did not ask for damages on that ground and there was only a brief, casual reference to such damage in the plaintiff's testimony. It cannot be said that the issue was tried by express or implied consent of the parties within the meaning of CR 15.-02.

The judgment is affirmed.

Val A. House, Jr., Scottsville, for appellant.

G. D. Milliken, Jr., Bowling Green, for appellees.

CULLEN, Commissioner.

Glyndle Tabor appeals from a judgment rendered upon a jury verdict rejecting his claim for damages for the alleged contamination of his pond by an oil well dug upon his land by appellee, who holds an oil and gas lease from the owners of the mineral rights in the land.

Appellant has based his appeal on the failure of the lower court to give proper instructions. We do not find it necessary to consider the instructions since there is no proof in the record that the pond was contaminated. According to appellant's own testimony he had never seen any oil in the pond, although he was afraid that some oil might get into the pond in the future. Also, several other witnesses, including Frank Walker, Director of Oil and Gas Conservation for the Commonwealth of Kentucky, who tested the water, testified that the pond was not contaminated.

Appellant's failure to produce any evidence that his pond was contaminated is a flaw that is fatal to his case.

Appellant argues that he was entitled to have submitted to the jury the question of damages for a weakening of the retaining wall of the pond caused by